UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KAITLYNN SIERRA DOMINGUEZ,

    Plaintiff,

vs.                                        Case No. 3:21-cv-759-MMH-PDB

MICHAEL BENJAMIN HYDE,

    Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28

U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On July 30, 2021, Defendant Michael Benjamin Hyde filed a Notice of Removal (Doc. 1) notifying the Court of his intent to remove this action to the United States District Court for the Middle District of Florida, Jacksonville Division, and purporting to set forth the facts establishing that the Court has jurisdiction over this action. See generally Notice. Specifically, Defendant asserts that the Court has jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, in accordance with 28 U.S.C. § 1332, and therefore, the action is removable pursuant to 28 U.S.C. § 1441. See id. at 2. However, upon review of the Notice and the Complaint (Doc. 3), the Court is unable to determine the citizenship of the parties as necessary to establish diversity jurisdiction over this action.

For a court to have diversity jurisdiction under 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. In the Notice, Defendant states that "[t]he plaintiff is a citizen of the State of Nevada according to the Complaint." See Notice at 2. In addition, Defendant asserts that "[t]he Complaint alleges that the defendant is a citizen of South Carolina; however, the Summons and Notice of Service reflect that the defendant is a citizen of Kansas." Id. However, upon review of the Complaint,

what Plaintiff actually alleges is that she is a "<u>resident</u> of Las Vegas, Nevada." See Complaint ¶ 3 (emphasis added). Likewise, Plaintiff asserts that Defendant is "<u>residing</u> in Simpsonville, South Carolina," id. ¶ 2, whereas the Summons and Notice of Service reflect that Defendant resides at an address in Kansas. See Affidavit of Service (Doc. 1-1); Alias Summons (Doc. 1-8). Significantly, to establish diversity over a natural person, a party must include allegations of the person's citizenship, not where he or she resides. <u>Taylor</u>, 30 F.3d at 1367. A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment. . .to which he has the intention of returning whenever he is absent therefrom." <u>McCormick</u>, 293 F.3d at 1257-58 (quotation and citation omitted). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish citizenship for a natural person." <u>Taylor</u>, 30 F.3d at 1367; <u>Miss. Band of Choctaw Indians v. Holyfield</u>, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'"). Thus, Plaintiff's allegations of residence in the Complaint are not equivalent to allegations of citizenship. Nor is the Court satisfied that Defendant adequately identified his own citizenship given his reliance on documents that merely identify the residence where he was served. Because Defendant appears to improperly equate residence with citizenship, the Court finds that the allegations in the Notice are insufficient to establish the citizenship of the parties for purposes of diversity jurisdiction.

3

Without additional information regarding the citizenship of both parties, the allegations presently before the Court are insufficient to invoke the Court's subject matter jurisdiction over this action. Accordingly, it is

**ORDERED**:

Defendant shall have up to and including **August 23, 2021**, to provide the Court with sufficient information so that it can determine whether it has jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on August 9, 2021.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

4